IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY ANN PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-790-D |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Amended Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA) [Doc. No. 29]. The EAJA permits an award of attorney's fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff sought review of Defendant's decision to deny Plaintiff disability benefits. The Court reversed Defendant's decision and remanded the matter for further proceedings [Doc. Nos. 21, 22]. Defendant does not dispute that Plaintiff is a "prevailing party" within the meaning of the EAJA and is thus entitled to an award of reasonable attorney's fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

In her Application [Doc. No. 29], Plaintiff initially sought an award of $9,667.00 for 40.2 hours of counsel's time for the services performed in this case. Plaintiff's counsel has submitted documentation reflecting the work performed and the time incurred for the services rendered. *See* Application, Exhibit 1 [Doc. No. 29-1].

Per Defendant's Response [Doc. No. 30], the parties have since come to an agreement that an EAJA award of $9,000.00 is reasonable in this case. Defendant adds that payment must be made directly to Plaintiff as the prevailing party in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010) and *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007). Furthermore, if Plaintiff's counsel is ultimately granted attorney's fees pursuant to 42 U.S.C. § 406(b), counsel must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

The Court has reviewed the documentation submitted by Plaintiff and finds that the agreed upon fee of $9,000.00 is supported by the documentation. Further, the Court finds that the requested amount represents a fair and reasonable fee for the work performed by Plaintiff's counsel in this case.

Accordingly, Plaintiff's Application [Doc. No. 29] is **GRANTED IN PART**. An EAJA attorney fee award in the agreed upon amount of $9,000.00 is approved. Defendant is ordered to pay that amount directly to Plaintiff, in accordance with the requirements of the EAJA and the Tenth Circuit Court of Appeals, and may do so by forwarding the amount to Plaintiff in care of his attorney. Further, if additional legal fees are awarded pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is ordered to refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 14th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge